IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

IN THE MATTER OF:

The Complaint of Freedom Boat Club, LLC, as Owner of the M/V *Mama's Buoy*, a 2017 GDY Pontoon Vessel, bearing HIN: GDY41596E717, its engines, tackle, appurtenances, etc., PETITIONER, in a cause for Exoneration from or Limitation of Liability.
_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint of Freedom Boat Club, LLC d/b/a Freedom Boat Club, as Owner of the Vessel M/V *Mama's Buoy*, its engines, tackle, appurtenances, etc. petitions this court for exoneration from or limitation of liability pursuant to 46 U.S.C. §30501 *et seq.*, and alleges:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure Rule 9(h), the Supplemental Rules for Admiralty or Maritime Claims, and the Local Admiralty Rules of the United States District Court for the Middle District of Florida.

2. Jurisdiction is proper pursuant to 28 U.S.C. §1333 and 46 U.S.C. §30501, *et. seq*.

3. The motor vessel at issue is the *M/V Mama's Buoy,* a 2017 GDY Pontoon vessel bearing Hull Identification Number GDY41596E717, (hereinafter "Vessel")

1

4. At all times pertinent to this action, *Mama's Buoy* was owned by Petitioner, Freedom Boat Club, LLC (hereinafter "Owner" or "Petitioner").

5. Venue is proper in this court as the events, acts and circumstances giving rise to the action occurred in this district, as *Mama's Buoy* is and is expected to remain in this district, and as the security for *Mama's Buoy* will be provided in this district.

6. The events, acts and circumstances at issue occurred upon navigable waters of the United States.

7. At all times pertinent to this action, *Mama's Buoy* was seaworthy; properly and efficiently operated, manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable, machinery, tackle, apparel and appliances, all in good order and condition and suitable for the uses for which she was engaged.

8. Known potential claimants include Virginia Mirro and Ken DiGregorio.

9. On or about October 5, 2018, *Mama's Buoy* was in navigable waters of the United States at or about Passage Key near Venice, Florida.

10. Virginia Mirro and Ken DiGregorio were aboard *Mama's Buoy* on October 5, 2018.

11. Viginia Mirro claimed to have sustained injuries while using a ladder to exit the vessel and enter the water.

12. The injuries, damages and losses claimed by Mirro were due to her own neglect. Specifically including, without limitation, her failure to inspect the vessel before use, her failure to inspect the ladder before use, her failure to properly anchor or otherwise secure the vessel before using the ladder, her failure to properly secure the ladder before use. There may be additional actions or omissions by Mirro that caused or contributed to causing the injuries claimed which are not yet known and may later be discovered. Petitioners reserve the right to identify and rely on such actions and omissions as may be discovered.

13. In conjunction with or independent of the actions and omissions listed above, the injuries, damages and losses claimed by Mirro were due to the natural action of wind and wave and/or due to the wake or wakes of others. There may be additional actions or omissions by others that caused or contributed to causing the injuries claimed which are not yet known and may later be discovered. Petitioners reserve the right to identify and rely on such actions and omissions as may be discovered.

14. M/V *Mama's Buoy* and her Owners are without fault for the incident at issue.

15. M/V *Mama's Buoy* and her Owners should be exonerated of and from any liability to Mirro for the injuries she claims to have sustained.

16. Further, the Owners of M/V *Mama's Buoy* were not present at the time of the incident.

17. The Owners of *Mama's Buoy* and her Owners lack privity or knowledge of the circumstances, actions or omissions giving rise to the incident at issue.

18. Thus, to the extent any fault or liability is fixed upon the operation of *Mama's Buoy*, the liability of the Owners should be limited to the value of *Mama's Buoy* and her Owners as provided in 46 U.S.C. § 30501, *et. seq.*

19. M/V *Mama's Buoy* sustained no damage in the incident described herein and had an estimated value of $30,000.

20. The possible claims against *Mama's Buoy* and her Owners, may exceed the amount of Owner's interest in the Vessel.

21. Owner files contemporaneously herewith an *Ad Interim* Stipulation in the appropriate form, as surety, for the payment into court of the amount of Owner's interest in the Vessel, together with interest at the rate of up to 6% per annum, and for costs; and, in addition thereto, Owner is prepared to give bond or stipulation for this and any amount in excess of the *Ad Interim* Stipulation, as may be ascertained and determined to be necessary by this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure. *See Ad Interim* Stipulation**.**

WHEREFORE, Freedom Boat Club, LLC d/b/a Freedom Boat Club, as Owner of the Vessel, respectfully requests:

    A. This Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, or injuries with respect to

the incident for which Owner seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on Owner's attorneys a copy thereof on or before the date to be specified in the notice;

      B.     The Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Owner, its underwriters, or any of its property with respect to any claim for which Owner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the incident described in the Complaint;

      C.     That if any claimant who shall have filed a timely claim shall also filed a timely exception contesting the value of the Vessel or her pending freight, as alleged herein and the amount of the *Ad Interim* Stipulation as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Owner's interest therein and her pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, of Owner's interest in the Vessel and her pending freight;

      D.     This Court adjudge Owner and the Vessel are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters

and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Owner is liable in any amount whatsoever, that said liability be limited to the value of Owner's interest in the Vessel; and that a judgment be entered discharging Owner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Owner or its property in consequence of or connected with the matters and happenings referred to in this Complaint; and;

E.     This Court grant Owner such other and further relief as deemed just and appropriate.

Dated:     Friday, October 04, 2019.

                                 Respectfully submitted,

<u>/s/ David N. Gambach, Esq.</u>
David N. Gambach, Esq.
Florida Bar Number: 8540
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Tel: (305) 379-3686
Fax: (305) 379-3090
DGambach@HamiltonMillerLaw.com
EGutwein@HamiltonMillerLaw.com
EPerez@HamiltonMillerLaw.com

HAMILTON, MILLER & BIRTHISEL LLP